UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MARLON JOE LEWIS, | ) |
|         Petitioner, | ) ) ) |
| v. | )    No. 4:20-cv-00056-TWP-DML |
| | ) ) |
| STATE OF IND. -- U.S.A., OAKLAWN PSY. HOSP., | ) ) |
|         Respondents. | ) ) |

**Order Granting Motion to Dismiss and
Denying Motion to Seal Case and Motion to Consolidate Cases**

### I.      Motion to Dismiss

In his petition for writ of habeas corpus, petitioner Marlon Joe Lewis challenges his involuntary commitment to a state hospital under state court cause number 20D03-1807-MH-000553. The respondent moved to dismiss the petition, arguing that it must be dismissed because Mr. Lewis names the wrong state officer as a respondent, is no longer in custody under the challenged state order, and has not exhausted his state remedies. Dkt. 13. Further, the respondent argues that, because Mr. Lewis's petition seeks only transfer to a "CIA hospital" and money damages, his petition fails to state a claim upon which relief can be granted. *Id.* Mr. Lewis has not responded, and the time to do so has passed.

**A.  Background**

Indiana law permits the involuntary commitment of mentally ill individuals who are determined to be "dangerous or gravely disabled." Ind. Code § 12-26-1-1. Once an individual has been placed on a regular commitment, the trial court must carry out an annual review of the

1

individual's commitment based on a report from the facility superintendent or attending physician. Ind. Code § 12-26-15-1. That report must contain a statement describing the mental condition of the person, whether he is dangerous or gravely disabled, and whether he needs to remain in the facility or can be cared for under a guardianship. *Id.*

Mr. Lewis has been diagnosed with schizophrenia and schizoaffective disorder bipolar type and has a lengthy history of hospitalizations for mental illness. Dkt. 1-1 at 8, dkt. 13-4 at 2.

On February 29, 2016, the St. Joseph Superior Court issued an order involuntarily committing Mr. Lewis to the care of a state mental health hospital. Dkt. 13-2 at 4. The order was subsequently amended on March 6, 2016, to allow Mr. Lewis to receive outpatient treatment at Oaklawn of St. Joseph County. *Id.* On April 9, 2018, the court ordered Mr. Lewis to be committed to Oaklawn for ninety days. He appealed that order, which the Indiana Court of Appeals affirmed. *M.L. v. Oaklawn OSJ*, No. 18A-MH-11114, 2018 WL 5578872 (Ind. Ct. App. Oct. 30, 2018).

In July 2018, while the appeal was pending, the case under cause number 71D07-1602-MH-100 was transferred to the Elkhart Superior Court 3 under a new cause number, 20D03-1807-MH-553. Dkt. 13-2 at 4. The Elkhart Superior Court issued an order on October 3, 2018, finding that Mr. Lewis required placement at a state psychiatric hospital. *Id.* at 4–5. The court ordered that a periodic report be submitted by February 29, 2019. *Id.*

The Elkhart Superior Court issued an order on February 12, 2019, renewing Mr. Lewis's commitment term for another year. Dkt. 13-3. Mr. Lewis appealed that order, raising the issue of whether "Oaklawn satisfied their burden by providing clear and convincing evidence that M.L. met the statutory criteria for an involuntary commitment." Dkt. 13-4 at 4. The Indiana Court of Appeals again affirmed the trial court's decision to renew Mr. Lewis's commitment for a year.

*M.L. v. Oaklawn Psychiatric* Services, No. 19A-MH-392, 2019 WL 3771925 (Ind. Ct. App. Aug. 12, 2019). The Indiana Supreme Court denied transfer on November 7, 2019. Dkt. 13-7.

On February 12, 2020, the Elkhart Superior Court issued another order continuing Mr. Lewis's commitment. Dkt. 13-9. Mr. Lewis requested a hearing to challenge the February order. The Court held a hearing and on March 4, 2020, issued an "Order of Continuation of Regular Commitment," continuing Mr. Lewis's commitment to the Madison State Hospital for a year and ordering the facility to issue a report by February 15, 2021. Dkt. 13-1. Mr. Lewis filed a notice of appeal in the Indiana Court of Appeals on March 12, 2020. Dkt. 13-10.

On March 4, 2020, Mr. Lewis mailed the instant petition for a writ of habeas corpus seeking federal collateral review of his placement. Dkt. 1 at 1. He cites cause number 20D03-1807-MH-353 and states the date of his sentencing was "November 11, 2019." *Id.* No order was issued on that date, but because the Indiana Supreme Court denied transfer on November 7, 2019, the Court agrees with the respondent that Mr. Lewis is likely challenging the commitment order of February 12, 2019, that Mr. Lewis had subsequently challenged on appeal.

Mr. Lewis's petition raises several issues, among them violations of the First and Fourth Amendment, violation of his right to due process, and that he is not mentally ill because he does not have a brain. Dkt. 1 at 5–10. For relief, he seeks a transfer to a CIA hospital and $168,000. *Id.* at 15.

**B. Discussion**

Although the respondent makes several arguments for dismissal, the Court finds that this petition should be dismissed because Mr. Lewis is no longer committed to the hospital pursuant to the order he challenges. "Federal courts have jurisdiction over a habeas petition only if the petitioner is 'in custody pursuant to the judgment of a State court.'" *Stanbridge v. Scott*, 791 F.3d

715, 718 (7th Cir. 2015) (citing 28 U.S.C. § 2254(a) and *Maleng v. Cook,* 490 U.S. 488, 490 (1989)). Involuntary commitment to a psychiatric hospital is a type of "custody" actionable under 28 U.S.C. § 2254. *See Matthew v. Norristown State Hosp.*, 528 Fed. App'x 115, 118 (3d Cir. 2013) (citing *Souder v. McGuire*, 516 F.2d 820, 823 (3d Cir. 1975)). But Mr. Lewis is no longer in custody pursuant to the February 12, 2019, order. The trial court's annual review and order continuing Mr. Lewis's commitment stands as an independent determination that the individual must be involuntarily committed. *In re Kirkland*, 420 N.E.2d 1352, 1354 (Ind. Ct. App. 1981). Mr. Lewis did not respond to dispute the respondent's assertion that he is no longer committed based on the February 12, 2019, order.

Although Mr. Lewis is currently hospitalized, it is pursuant to the March 4, 2020 order, not pursuant to the order he challenges in this petition. In other words, Mr. Lewis is not committed to the Madison State Hospital because of a determination in 2019 that he was dangerous or gravely disabled, but because of a determination in March 2020 that he was. Therefore, this Court lacks jurisdiction to decide the petition. *Stanbridge*, 791 F.3d at 718 (citing *Lackawanna Cnty. Dist. Attorney v. Coss,* 532 U.S. 394, 401 (2001)); *see also Martin v. Bartow*, 628 F.3d 871, 874 (7th Cir. 2010) (agreeing with district court's conclusion that—because commitment is dependent on finding of current illness/dangerousness—each commitment order constitutes a new judgment for purposes of AEDPA.).

Further, the respondent correctly notes that the relief Mr. Lewis seeks—transfer to a different hospital and money damages—is not available under a habeas action. A claim that challenges the fact or length of a person's confinement is properly brought in a habeas corpus petition, but a claim that challenges the conditions of confinement is properly brought in an action pursuant to 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 489−90, 494 (1973); *see also*

*Lacy v. Butts*, 922 F.3d 371, 379 (7th Cir. 2019) (same). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). Thus, if Mr. Lewis wants damages or a transfer to a different institution based on the conditions of his confinement, he should file a civil rights suit under 42 U.S.C. § 1983 rather than a habeas corpus petition.

Accordingly, the respondent's motion to dismiss, dkt. [12], is **granted,** and the petition is **dismissed for lack of jurisdiction**. Final judgment consistent with this Order shall now issue.

## II. Motion to Seal

Mr. Lewis's motion to seal case, dkt. [3], is **denied**. Mr. Lewis's motion did not explain why the Court should maintain the case under seal as required by Local Rule 5-11. Accordingly, **21 days after entry of this Order, the clerk is directed** to unseal the case. S.D. Ind. L.R. 5-11(a). However, because Mr. Lewis's medical records contain information that should not be publicly available, *see* Fed. R. Civ. P. 5.2, the **clerk is directed** to maintain under seal dkt. 1-1.

## III. Motion to Consolidate

Mr. Lewis's motion to consolidate this case with his other habeas petition filed under cause number 4:19-cv-00258-TWP-DML, dkt. [4], is **denied**. That case challenged a different commitment order and was dismissed on June 29, 2020. *Lewis v. Madison State Hospital*, 4:19-cv-00258-TWP-DML at dkts. 20, 21. As discussed above, each commitment order constitutes an independent judgment, so this action was properly brought as an independent case.

## IV. Summary

The respondent's motion to dismiss, dkt. [12], is **granted**, and Mr. Lewis's petition is **dismissed for lack of jurisdiction**. Mr. Lewis's motion to seal the case, dkt. [3], is **denied**;

however, the **clerk is directed** to maintain under seal dkt. [1-1]. Mr. Lewis's motion to consolidate cases, dkt. [4], is **denied**.

   **IT IS SO ORDERED.**

Date: 8/19/2020

*[signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARLON JOE LEWIS
11138
MADISON STATE HOSPITAL
711 Green Road
Madison, IN 47250

Christopher Michael Anderson
INDIANA ATTORNEY GENERAL
christopher.anderson@atg.in.gov

Andrea Elizabeth Rahman
OFFICE OF THE INDIANA ATTORNEY GENERAL
andrea.rahman@atg.in.gov